1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ING BANK, fsb,                          No. CIV S-09-1174 WBS EFB PS

11                  Plaintiff,

12          vs.

13   RAMON P. FAZAH,                         <u>ORDER AND</u>
                                             <u>ORDER TO SHOW CAUSE</u>
14                  Defendant.
     _____/

15

16          This case, in which defendant is proceeding *pro se*, is before the undersigned pursuant to

17   Eastern District of California Local Rule ("Local Rule") 72-302(c)(21).  *See* 28 U.S.C.

18   § 636(b)(1).  On June 10, 2009, defendant filed a motion to dismiss but did not notice the motion

19   for hearing, as required by the Local Rules.  Dckt. No. 7.  Therefore, on September 2, 2009,

20   plaintiff filed a "motion" requesting that the defendant be ordered to file and serve his motion

21   with a date certain for hearing or, in the alternative, for an order to show cause why defendant's

22   motion should not be dismissed for failure to comply with the Local Rules.  Dckt. No. 16.

23   ////

24   ////

25   ////

26   ////

1

Plaintiff's September 2, 2009 "motion" also requests an order compelling defendant to participate in a Federal Rule of Civil Procedure 26(f) conference and seeks attorney fees,[1] and an order that defendant cease all direct contact with plaintiff while this case is pending.  Dckt. No. 16.  Plaintiff noticed the entire motion for hearing on October 7, 2009.  On September 4, 2009, the court issued a minute order scheduling defendant's motion to dismiss also for October 7, 2009.[2]

On September 18, 2009, plaintiff filed an opposition to defendant's motion to dismiss. Dckt. No. 19.  However, court records reflect that defendant has not filed an opposition nor a statement of non-opposition to plaintiff's September 2, 2009 motion.  Specifically the court is concerned with any opposition to plaintiff's request for an order compelling defendant to participate in a Federal Rule of Civil Procedure 26(f) conference and for attorney fees, and plaintiff's request for an order that defendant cease all direct contact with plaintiff while this case is pending.  The issue regarding the failure to notice the motion is now moot.

Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must personally be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by September 23, 2009.[3]  Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been

---

[1]  Although this request involves a discovery dispute, which is governed by Local Rule 37-251, plaintiff's motion and supporting declaration indicate that because of defendant's "complete and total failure to respond to [plaintiff's] request for a Rule 26 Discovery Conference, counsel for [plaintiff] is relieved of its obligation to file a Joint Statement regarding Discovery Disputes pursuant to Local Rule 37-251."  Miller Decl., Dckt. No. 16-2, ¶ 10; *see also* Local Rule 37-251(e).

[2]  As a result of this minute order, plaintiff's request for an order that defendant file and serve his motion with a date certain for hearing or, in the alternative, for an order to show cause why defendant's motion should not be dismissed for failure to comply with the Local Rules, is denied as moot.  Dckt. No. 16.

[3]  Electronic or mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date.  Local Rule 78-230(c).

timely filed by that party."  Additionally, Local Rule 37-251(e) provides that a party responding to a Local Rule 37-251(e) discovery motion "shall file a response thereto not later than five (5) court days prior to the hearing date [in this instance, by September 30, 2009], accompanied by proof of personal service not less than five (5) court days preceding the hearing date or by proof of mailed or electronic service not less than eight (8) court days preceding the hearing date."

Local Rule 83-183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  "Failure to follow a district court's local rules is a proper ground for dismissal."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The hearing date of October 7, 2009 on defendant's motion to dismiss and plaintiff's motion for an order compelling defendant to participate in a Rule 26(f) conference and for attorney fees, and for an order that defendant cease all direct contact with plaintiff while this case is pending, is CONTINUED to November 4, 2009, at 10:00 a.m., in Courtroom No. 25.

2.  Defendant shall SHOW CAUSE, in writing, no later than October 21, 2009, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to plaintiff's motions.

////
////
////
////

3.  Defendant shall file an opposition to the motions, or a statement of non-opposition thereto, no later than October 21, 2009.[4]

4.  Failure of defendant to file an opposition will be deemed a statement of non-opposition to the pending motions, and may result in the granting of plaintiff's motions and/or the imposition of sanctions, as requested by plaintiff.

5.  Plaintiff may file a reply in support of the motions on or before October 28, 2009.

SO ORDERED.

DATED:  October 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4]  Because plaintiff's request for an order that defendant file and serve his motion with a date certain for hearing or, in the alternative, for an order to show cause why defendant's motion should not be dismissed for failure to comply with the Local Rules, is denied as moot, *see* footnote 2 above, defendant need only respond to plaintiff's request for an order compelling defendant to participate in a Rule 26(f) conference and for attorney fees, and plaintiff's request for an order that defendant cease all direct contact with plaintiff while this case is pending.