IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ING BANK, fsb,

        Plaintiff,

vs.

RAMON P. FAZAH,

        Defendant.
_____/

No. CIV S-09-1174 WBS EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

      This case is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). On November 4, 2009, the court heard defendant's motion to dismiss this action, Dckt. No. 7, and plaintiff's motion for an order compelling defendant to participate in a Federal Rule of Civil Procedure ("Rule") 26(f) conference and for attorney fees, and for an order that defendant cease all direct contact with plaintiff while this case is pending.[1] Dckt. No. 16. Lawrence Callaghan appeared on behalf of plaintiff at the hearing; defendant appeared *pro se*.

---

[1] Plaintiff's motion also sought an order that defendant file and serve his motion to dismiss with a date certain for hearing or, in the alternative, an order to show cause why defendant's motion should not be dismissed for failure to comply with the Local Rules. Dckt. No. 16. However, in an order filed on October 2, 2009, the undersigned denied those requests as moot. Dckt. No. 20 at 2, n.2.

1

I. <u>Defendant's Motion to Dismiss</u>

Plaintiff's complaint seeks declaratory relief under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and alleges claims for breach of contract and judicial foreclosure as a result of defendant's alleged failure to pay the amounts due on his loan with plaintiff. Dckt. No. 1. Defendant moves to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(3), 12(b)(6), and 12(h). Dckt. No. 7. Defendant contends that this court lacks venue and subject matter jurisdiction because the United States District Court for the Eastern District of California "is not contemplated and/or included in the definition [of] 'district court'" and the Eastern District of California is not "contemplated in the term 'district,'" as defined in 28 U.S.C. §§ 451 and/or 1406(c). *Id.* at 2, 3. Defendant further argues that the court lacks venue and subject matter jurisdiction because plaintiff has not alleged or proven that the subject property is located within this district; that plaintiff lacks standing to bring this action because it has not produced evidence supporting its claims; and that plaintiff's complaint was not filed within the 20 day limitation period for challenging a rescission under TILA. *Id.* at 2, 4, 5.

This district, the Eastern District of California, is very much included in the definition of "district" and the United States District Court for the Eastern District of California is very much included in the definition of "district court" in 28 U.S.C. § 451. Pursuant to 28 U.S.C. § 451, the term "district court" means "the courts constituted by chapter 5 of this title," and the term "district" means "the districts enumerated in Chapter 5 of this title." Chapter 5 of title 28 of the United States Code includes 28 U.S.C. § 84, which provides: "California is divided into four judicial districts to be known as the Northern, Eastern, Central, and Southern Districts of California. . . . The Eastern District comprises the counties of Alpine, Amador, Butte, Calaveras, Colusa, El Dorado, Fresno, Glenn, Inyo, Kern, Kings, Lassen, Madera, Mariposa, Merced, Modoc, Mono, Nevada, Placer, Plumas, Sacramento, San Joaquin, Shasta, Sierra, Siskiyou, Solano, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo, and Yuba."

////

Additionally, this court has subject matter jurisdiction over plaintiff's complaint pursuant to 28 U.S.C. §§ 1331 and 1367. The complaint seeks declaratory relief under TILA, 15 U.S.C. §§ 1601 *et seq.*, and the state law claims and TILA claim are part of the same case or controversy.[2] 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); Compl. at 2. Moreover, venue is proper in this district because defendant resides in this district and the property that is the subject of the action is located in this district. 28 U.S.C. § 1391(b) ("A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."); Compl. at 2.

Further, although defendant contends that plaintiff's complaint should be dismissed because plaintiff has failed to *prove* its claims, plaintiff need not prove its claims at this stage of the action. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought,

---

[2] Plaintiff's complaint also alleges that jurisdiction is proper pursuant to 28 U.S.C. § 1332, since plaintiff is a citizen of Delaware and plaintiff is a citizen of California, and the amount in controversy exceeds $75,000. Compl., at 2; Dckt. No. 19 at 3.

3

which may include relief in the alternative or different types of relief."). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although factually unsupported claims framed as legal conclusions, and mere recitations of the legal elements of a claim, do not give rise to a cognizable claim for relief, the complaint need not contain *evidence* in support of its allegations; rather, the complaint's factual allegations are accepted as true. *Twombly*, 550 U.S. at 555; *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694 (9th Cir. 1984). Plaintiff's complaint alleges that defendant applied for a loan from plaintiff; defendant executed a promissory note in favor of plaintiff; the note was secured by a deed of trust, which was executed by defendant; pursuant to the loan application, note, and deed of trust, defendant agreed to "pay principal and interest by making a payment every month"; defendant "has failed to make monthly principal and interest payments under the Note since at least October 2008"; and defendant has purported to rescind the loan made by plaintiff to defendant by writing a letter to plaintiff contending that rescission is proper under TILA. Compl. ¶¶ 7-12, 15-16. These allegations are sufficient to withstand a Rule 12(b)(6) motion to dismiss plaintiff's claims for declaratory relief under TILA, breach of contract, and judicial foreclosure.

Finally, defendant contends that plaintiff failed to produce evidence that its complaint was "filed within the limitations of 20 days set by Congress for challenging a rescission." Dckt. No. 7 at 4-5 (citing 15 U.S.C. § 1635(b)). Plaintiff responds that since the complaint seeks a declaration that no TILA violation occurred, any applicable statute of limitations has yet to begin running. Plaintiff further points out that even if the statute of limitations has begun to run, the complaint was filed well within both the three-year and one-year limitations period for TILA claims. Dckt. No. 19 at 6-7. According to plaintiff, if a borrower exercises his right of rescission and the creditor fails to respond within 20 days, that would trigger a potential TILA violation and would commence the one-year statute of limitations under TILA; however, there is

no 20-day statute of limitations for bringing a TILA action. *Id.* at 7. Regardless of plaintiff's statute of limitations arguments, defendant acknowledges that plaintiff received the notice of rescission from him on April 9, 2009, Dckt. No. 7, n.1, and plaintiff's complaint was filed within 20 days thereof, on April 29, 2009. Dckt. No. 1.

Therefore, it is recommended that defendant's motion to dismiss be denied. Defendant's request at the November 4, 2009 hearing for thirty days in which to answer plaintiff's complaint is granted, insofar as any answer will not be due until any order of the district judge adopting the above recommendation.

II. Plaintiff's Motion for an Order Compelling Plaintiff to Participate in a Rule 26(f) Conference

Plaintiff moves for an order compelling defendant to participate in a Rule 26(f) discovery conference, arguing that defendant "has failed to respond to repeated attempts at contact which would have permitted the parties to timely participate in a Rule 26(f) Discovery Conference." Dckt. No. 16 at 4. Plaintiff also seeks attorneys' fees and reasonable expenses incurred as a result of defendant's failure to participate. *Id.* at 5. Defendant responds that he did not and does not understand that he was or is required to participate in a Rule 26(f) discovery conference in light of his pending motion to dismiss, and that if he is required to do so, he "does not oppose Plaintiff's motion for said order." Dckt. No. 21 at 2.

Rule 26(f) requires the parties to "confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)," in order to "develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(1), (2). The Rule further provides that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Fed. R. Civ. P. 26(f)(2). Rule 37(f) provides that "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to

be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(f).

Because defendant has failed to participate in the Rule 26(f) conference, plaintiff's motion for an order requiring him to do so is granted. However, in light of defendant's pending motion to dismiss and his representations regarding his confusion as to whether he was required to comply with Rule 26(f), the court declines to award sanctions. Therefore, plaintiff's request for attorneys' fees and reasonable expenses is denied.

Defendant is cautioned, however, that failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, or orders of this court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110. *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 83-183.

III. Plaintiff's Motion for an Order that Defendant Cease Direct Contact with Plaintiff

Finally, plaintiff seeks an order directing defendant to cease all attempts at direct contact with plaintiff in this case. Dckt. No. 16 at 6. Plaintiff attaches to its motion one letter from defendant to plaintiff, and contends that "[b]ased upon [defendant's] conduct thus far, counsel for ING believes that continued attempts at direct contact . . . are likely and that they serve only to harass and to circumvent the Federal Rules of Procedure regarding discovery." *Id.* at 6-7; Miller Decl., Ex. C. Plaintiff argues that because defendant is representing himself in this action, California's Rule of Professional Conduct 2-100, which prohibits attorneys from directly contacting represented parties, should apply to defendant. *Id.* at 7. Defendant responds that plaintiff "offers no authority that California or the federal court system has made a determination that the California Rule of Professional Conduct are binding upon [plaintiff] in derogation of [his] rights to freedom of association and free speech as guaranteed by the California and United States Constitutions." Dckt. No. 21 at 2.

6

California Rule of Professional Conduct 2-100(A) provides that "[w]hile representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." Rule 2-100 applies to members of the California bar, and defendant is correct that plaintiff cites no authority supporting its contention that this rule should apply to defendant, who is not a lawyer. The cases plaintiff cites stand for the proposition that various states' rules prohibiting attorneys from communicating with represented parties apply to attorneys representing themselves; however, those cases do not support plaintiff's position that the California rule prohibiting such conduct should apply to a non-lawyer. Further, even if defendant were an attorney, he would not be prohibited by Rule 2-100 from communicating with plaintiff. The discussion following California Rule of Professional Conduct 2-100(A) states that Rule 2-100 "does not prohibit a member who is also a party to a legal matter from directly or indirectly communicating on his or her own behalf with a represented party. Such a member has independent rights as a party which should not be abrogated because of his or her professional status. To prevent any possible abuse in such situations, the counsel for the opposing party may advise that party (1) about the risks and benefits of communications with a lawyer-party, and (2) not to accept or engage in communications with the lawyer-party."

Because plaintiff has not shown that California Rule of Professional Conduct 2-100 precludes defendant from communicating with plaintiff, or that plaintiff is in need of, or has substantial justification for, a protective order or restraining order, plaintiff's motion for an order directing defendant to cease all direct contact with plaintiff is denied.

IV.  Status (Pretrial Scheduling) Conference

A status (pretrial scheduling) conference is set for January 20, 2010, at 10:00 a.m. in Courtroom No. 25 before the undersigned. On or before January 13, 2010, the parties shall file a joint status report (or, if unable to prepare a joint status report, separate status reports) briefly

7

describing the case and addressing the following:

  a. Progress in service of process;

  b. Possible joinder of additional parties;

  c. Expected or desired amendment of pleadings;

  d. Jurisdiction and venue;

  e. Anticipated motions and their scheduling;

  f. The report required by Rule 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

  g. Cut-off dates for discovery and law and motion, and dates for pretrial conference and trial;

  h. Special procedures, if any;

  i. Estimated trial time;

  j. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings;

  k. Whether the case is related to any other cases, including bankruptcy;

  l. Whether a settlement conference should be scheduled;

  m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge;

  n. Any other matters that may add to the just and expeditious disposition of this matter.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an order compelling plaintiff to participate in a Rule 26(f) conference, Dckt. No. 16, is granted;

2. Plaintiff's request for attorneys' fees and reasonable expenses, Dckt. No. 16, is denied;

8

3. Plaintiff's motion for an order that defendant cease all direct contact with plaintiff while this case is pending, Dckt. No. 16, is denied;

4. A status (pretrial scheduling) conference is set for January 20, 2010, at 10:00 a.m. in Courtroom No. 25; and

5. On or before January 13, 2010, the parties shall file a joint status report (or, if unable to prepare a joint status report, separate status reports) setting forth the matters referenced above.

Further, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, Dckt. No. 7, be denied; and

2. Defendant be directed to file an answer within ten (10) days of an order adopting this recommendation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9