1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ING BANK, fsb,

                                                 No. CIV S-09-1174 WBS EFB PS
11                          Plaintiff,

12          vs.

13   RAMON P. FAZAH,
                                                 ORDER
14                          Defendant.
                                          /
15

16          This case is before the undersigned pursuant to Eastern District of California Local Rule

17   302(c)(21). *See* 28 U.S.C. § 636(b)(1).  Presently before the undersigned are plaintiff's motion

18   for leave to file a second amended complaint, Dckt. No. 37, and plaintiff's related request for

19   sanctions, Dckt. No. 42.  For the reasons stated herein, the court grants plaintiff's motion for

20   leave to file a second amended complaint and denies the request for sanctions.

21   I.     Motion to Amend

22          Plaintiff moves for leave to file a second amended complaint.  Dckt. No. 37.   Plaintiff's

23   first amended complaint seeks declaratory relief under the Truth in Lending Act ("TILA"), 15

24   U.S.C. §§ 1601 *et seq*., and alleges claims for breach of contract and judicial foreclosure as a

25   result of defendant's alleged failure to pay the amounts due on his loan with plaintiff.  Dckt. No.

26   5.  Plaintiff contends that its first amended complaint erroneously attached loan documents

                                                 1

1  regarding a different property than the one that is at issue and that is referenced in the first

2  amended complaint, and now seeks leaves to amend that complaint.  Specifically, plaintiff seeks

3  to amend the complaint to (1) attach the proper loan documents, which reflect that the loan at

4  issue was a second property loan; (2) modify the declaratory relief claim to state that rescission

5  under TILA is inapplicable for the additional reason that TILA is only applicable to certain loans

6  on a consumer's principal dwelling; and (3) add to the foreclosure claim a statement that a

7  deficiency judgment on the property is not barred by California law since the property is not

8  defendant's principal residence.  Dckt. No. 37 at 4; Ex. A (proposed second amended complaint).

9        Plaintiff contends that it learned that the wrong documents were attached to the first

10  amended complaint when defendant notified plaintiff on January 14, 2010.  Dckt. No. 37-3,

11  Miller Decl., ¶ 3.  In a status report filed January 20, 2010, plaintiff notified the court that it had

12  attached the incorrect documents to the first amended complaint, and attached a copy of the

13  correct loan documents.  Dckt. No. 29 at 2, Exs. A, B.  Although plaintiff did not immediately

14  seek leave to amend to address this error, plaintiff sent defendant a settlement offer on February

15  4, 2010, to which defendant did not respond.  Dckt. No. 37-3, Miller Decl., ¶ 7.  Then, on

16  February 25, 2010, plaintiff requested that defendant stipulate to the amendments, but on March

17  4, 2010, defendant indicated he would not so stipulate.  *Id.* ¶ 8.

18        Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading

19  once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to

20  which a responsive pleading is required, 21 days after service of a responsive pleading or 21

21  days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  "In all other

22  cases, a party may amend its pleading only with the opposing party's written consent or the

23  court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P.

24  15(a)(2).  Here, because plaintiff has already amended its complaint and because defendant has

25  not stipulated to plaintiff's proposed amendment, plaintiff needs leave to amend its complaint.

26  ////

2

1   Plaintiff is correct that leave to amend is freely given under Rule 15.  The policy of freely

2   granting leave to amend should be applied with "extreme liberality."  *DCD Programs, Ltd. v.*

3   *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When determining whether to grant leave to amend

4   under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith;

5   (3) futility of amendment; and (4) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S.

6   178, 182 (1962).  According to the Ninth Circuit, "the crucial factor is the resulting prejudice to

7   the opposing party," and the burden of showing that prejudice is on the party opposing

8   amendment.  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital,*

9   *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187.

10  Granting or denying leave to amend rests in the sound discretion of the trial court, and will be

11  reversed only for abuse of discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir.

12  1996).

13  However, a scheduling order issued in this action on February 19, 2010, stating that no

14  further amendments would be permitted absent leave of court upon a showing of good cause.

15  Dckt. No. 35.  Therefore, rather than simply satisfying the Rule 15 standard, plaintiff needs to

16  establish good cause for its proposed amendment.

17  Here, plaintiff meets that standard.  Plaintiff did not realize that it had inadvertently

18  attached the improper loan documents or that it had neglected to state in the first amended

19  complaint that the property at issue was not defendant's principal residence until January 14,

20  2010 when plaintiff pointed out the error.  After plaintiff learned of the error, instead of

21  immediately seeking leave to amend, plaintiff sought to settle the case with defendant.  When

22  those efforts were fruitless, plaintiff sought a stipulation from defendant and shortly after

23  learning that defendant would not so stipulate, filed a motion for leave to amend.  Therefore, it

24  appears that plaintiff was diligent in its efforts to seek leave to amend and did not unduly delay.

25  ////

26  ////

3

1   There is also no evidence that plaintiff's error was the result of bad faith; the amendment is not

2   futile since the improper loan documents are currently attached to the first amended complaint;

3   and defendant would not be prejudiced by the limited amendments plaintiff seeks.

4           Defendant argues that leave to amend should be denied because plaintiff lacks capacity to

5   sue since it is not incorporated in California and is not a foreign corporation authorized to do

6   business in California, and therefore, this court lacks jurisdiction over the case.  Dckt. No. 41.

7   However, as an initial point, plaintiff has not moved to dismiss plaintiff's first amended

8   complaint on these grounds and instead relies on them in opposition to a motion to amend.[1]

9   Additionally, although defendant argues plaintiff lacks capacity to sue since it is neither a

10  California corporation or a foreign corporation authorized to do business in California, plaintiff

11  alleges that it is a federal savings association under the Office of Thrift Supervision, and

12  therefore has the capacity to sue defendant.  Dckt. Nos. 5, 42.  Moreover, this court has subject

13  matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.  The complaint

14  seeks declaratory relief under TILA, 15 U.S.C. §§ 1601 *et seq.*, and the state law claims and

15  TILA claim are part of the same case or controversy.[2]  28 U.S.C. § 1331 ("The district courts

16  shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

17  of the United States."); 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have

18  original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

19

20          [1] Plaintiff's earlier motion to dismiss, in which plaintiff argued that (1) this court lacks
    venue and subject matter jurisdiction because the United States District Court for the Eastern
21  District of California "is not contemplated and/or included in the definition [of] 'district court'"
    and the Eastern District of California is not "contemplated in the term 'district,'" as defined in 28
22  U.S.C. §§ 451 and/or 1406(c)"; (2) the court lacks venue and subject matter jurisdiction because
    plaintiff has not alleged or proven that the subject property is located within this district; (3)
23  plaintiff lacks standing to bring this action because it has not produced evidence supporting its
    claims; and (4) plaintiff's complaint was not filed within the 20 day limitation period for
24  challenging a rescission under TILA, was denied.  Dckt. Nos. 7, 25, 26.

25          [2] Plaintiff's first amended complaint also alleges that jurisdiction is proper pursuant to
    28 U.S.C. § 1332, since plaintiff is a citizen of Delaware and defendant is a citizen of California,
26  and the amount in controversy exceeds $75,000.  Dckt. Nos. 5, 42.

4

1    that are so related to claims in the action within such original jurisdiction that they form part of

2    the same case or controversy under Article III of the United States Constitution.").  Moreover,

3    venue is proper in this district because defendant resides in this district and the property that is

4    the subject of the action is located in this district.  28 U.S.C. § 1391(b) ("A civil action wherein

5    jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided

6    by law, be brought only in (1) a judicial district where any defendant resides, if all defendants

7    reside in the same State, (2) a judicial district in which a substantial part of the events or

8    omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

9    the action is situated, or (3) a judicial district in which any defendant may be found, if there is no

10    district in which the action may otherwise be brought.").

11          Therefore, plaintiff's motion for leave to file its second amended complaint is granted.

12    Defendant shall file an answer to plaintiff's second amended complaint on or before June 16,

13    2010.

14    II.  <u>Plaintiff's Requests for Sanctions</u>

15          In its reply in support of the motion to amend, plaintiff also seeks terminating sanctions

16    and/or to recover its attorney fees and costs related to the motion.  Dckt. No. 42 at 3-4.  This

17    request for sanctions appears to be based on the court's April 22, 2010 order for defendant to

18    show cause why he should not be sanctioned for his failure to timely file an opposition or a

19    statement of non-opposition to the motion to amend.  Dckt. No. 39.  Plaintiff argues that

20    defendant has a history of failing to comply with the Federal Rules, the Local Rules, and this

21    court's orders, and that those failures have been willful.  *Id.* at 3.  As a result, plaintiff requests

22    terminating sanctions and/or $2,102.50 in fees and costs related to the motion to amend.

23          Defendant states in his opposition to the motion to amend that he is "unlearned in the law

24    and unfamiliar with this Court's Rules and Local Rules," and therefore did not discover that his

25    opposition was due until after the deadline had passed.  Dckt. No. 41 at 1.  Although plaintiff is

26    correct that defendant did not timely file an opposition herein and plaintiff is correct that

defendant has an obligation to comply with the court's procedural rules, the sanctions plaintiff seeks are not the result of defendant's failures.  Contrary to plaintiff's suggestion otherwise, Dckt. No. 42 at 2-3, defendant was not required to stipulate to the amendment of plaintiff's complaint.  Therefore, the court declines to award sanctions at this time and discharges the April 22, 2010 order to show cause.  Defendant is cautioned, however, that failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, or orders of this court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 183.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to file a second amended complaint, Dckt. No. 37, is granted;

2.  Within three days of the date of this order, plaintiff shall file the second amended complaint, which is currently attached to plaintiff's motion as Exhibit A, as a separate docket entry;

3.  Defendant shall file an answer to plaintiff's second amended complaint on or before June 16, 2010;

4.  Plaintiff's request for sanctions, Dckt. No. 42, is denied; and

5.  The April 22, 2010 order to show cause is discharged.

SO ORDERED.

DATED:  June 1, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE